## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF  NEW YORK

YONG KAI ZHANG,

               Plaintiff,

        v.

WAI REALTY CORP., JJW ENTERPRISES, INC.,
BOWNETREE LL CORP., JOHN WAI a/k/a
Ding Guang Wai, BENJAMIN WAI, JENNY ZHANG, and
ZHI BIN WAI,

               Defendants

Case No. 18-cv-3189

## COMPLAINT

Plaintiff YONG KAI ZHANG (hereinafter referred to as "Plaintiff"), by and through his undersigned attorney Ricardo Morel, Esq., hereby brings this complaint against Defendants WAI REALTY CORP., JJW ENTERPRISES, INC., BOWNETREE LL CORP, JOHN WAI a/k/a Ding Guang Wai, BENJAMIN WAI, JENNY ZHANG and ZHI BIN WAI (hereinafter, collectively referred to as "Defendants") and alleges as follows:

### NATURE OF ACTION

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C., Secs. 206, 207, and 216(b); New York Labor Law (hereinafter referred to as "NYLL") Article 19  §§ 633 and 652; NYLL Article 6 et sec; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §142-2.2; 12 NYCRR 142-2.4: and 12 NYCRR §137-1.7 to recover unpaid wages and overtime compensation owed to Plaintiff, who was formerly employed by the named individual and corporate Defendants.

2.      Plaintiff alleges that from May 31, 2012 to July 31, 2016, Defendants failed to provide the statutory hourly wages to Plaintiff as required  by federal and state law.

1

3.       Plaintiff alleges that pursuant to FLSA he is entitled to recover from Defendants: (1) unpaid minimum wage compensation; (2) unpaid overtime wage compensation; (3) liquidated damages; (4) pre-judgment and post-judgment interest; and (5) attorneys' fees.

4.       Plaintiff further alleges pursuant to New York Labor Law § 650 *et seq.* and 12 New York Codes, Rules and Regulations ("NYCRR") § 146, that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation; (2) unpaid overtime wage compensation; (3) up to five thousand dollars ($5,000) for Defendants' failure to provide a Time of Hire Notice detailing *inter alia*, rates of pay and payday; (4) up to five thousand dollars ($5,000) for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day; (5) liquidated damages in the sum of one hundred percent (100%) of the unpaid minimum wage and unpaid overtime; (6) nine percent (9%) pre-judgment interest pursuant to New York law (CPLR §5004); (7) post-judgment interest, and (8) attorneys' fees and costs.

5.       Beginning prior to May, 2012, and continuing to the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable laws.

6.       Under the direction of JOHN WAI, a/k/a Ding Guang Wai, director, owner and manager of WAI REALTY CORP., JJW ENTERPRISES, INC., and BOWNETREE LL CORP, and under the direction of BENJAMIN WAI, JENNY ZHANG, and ZHI BIN WAI, Defendants instituted and maintained this practice of depriving Plaintiff of compensation, including overtime wages for all work performed, as mandated by federal and state law.

7.     Defendants' violations were willful. The Defendant employers have knowingly violated and showed reckless disregard for the provisions of the FLSA and NYLL.

8.     Defendants' repeated false promises of further compensation, which was never paid, caused Plaintiff to delay in bringing his lawsuit.

<u>**JURISDICTION AND VENUE**</u>

9.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), and 28 U.S.C. §1331 and §1337.

10.     This Court has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

11.     The statute of limitations under the FLSA for willful violations is three (3) years, pursuant to 29 U.S.C. §255(a).  The statute of limitations under the NYLL is six (6) years, pursuant to NYLL §198 (3).

12.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

<u>**THE PARTIES**</u>

<u>***The Plaintiff***</u>

13.     Plaintiff is an individual residing in the State of New York who has performed labor for Defendants JOHN WAI, WAI REALTY CORP., JJW ENTERPRISES, INC., BOWNETREE LL CORP, BENJAMIN WAI, JENNY ZHANG and ZHI BIN WAI, at their principal place of business at 37-17 Bowne Street, Flushing, New York  and at ten apartment buildings owned and/or managed by Defendants on 38th Ave. and Bowne St. in Flushing, NY. Plaintiff was employed as a maintenance worker in Defendants' residential realty operations.

*Corporate Defendants*

14.     **WAI REALTY CORP**. is a domestic business corporation organized under the laws of the State of New York with a principal address at 37-17 Bowne Street, Flushing, New York 11354. Its Chief Executive Officer is individual Defendant John Wai.[1]

15.     WAI REALTY CORP. is a business and employer engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

16.     WAI REALTY CORP. bought and handled goods moved in interstate commerce.

17.     **JJW ENTERPRISES, INC**. is a domestic business corporation organized under the laws of the State of New York with a principal address at 37-17 Bowne St., Flushing, New York 11354. Its Chief Executive Officer is individual Defendant Ding Wai a/k/a John Wai, who owns 100% of the company. This corporation controls the maintenance of residential properties where Plaintiff was required to work.

18.     JJW ENTERPRISES, INC. is an employer and business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

19.     Upon information and belief JJW ENTERPRISES, INC. purchased and handled goods moved in interstate commerce.

20.     **BOWNETREE LL CORP.** is a domestic business corporation organized under the laws of the State of New York with a principal address at c/o JJTX INC, 14498 37th Avenue, Flushing, NY 11354.

---

[1] At the time of hiring Plaintiff, Defendant John Wai represented to Plaintiff that Plaintiff would be employed by "Compass Properties Associates, Inc.," with Defendant's knowledge that this company was in fact non-existent and that it had been dissolved on July 27, 2011. Its predecessor of the same name had been dissolved on September 23, 1992. Defendant continued the devious ruse, knowing it was false and meant to mislead plaintiffs when defendants were sued under the FLSA in 2016 other cheated employees (16-cv-4753). Defendants defended that action as Compass Properties Associates, Inc. until Plaintiff's counsel discovered the misrepresentation.

21.     BOWNETREE LL CORP is an employer and business engaged in interstate commerce that has gross sales of at least Five Hundred Thousand Dollars ($500,000) per year.

22.     Upon information and belief BOWNETREE LL CORP purchased and handled goods moved in interstate commerce. This corporation owns residential buildings at Bowne Street in Flushing, New York, where the Plaintiff was also required to work.

23.     Listed with the Secretary of State as the agent for service of process for Defendant BOWNETREE is JJTX INC., a domestic business corporation organized under the laws of the State of NY with a principal address at 144-98 37th Ave., 1 FL, Flushing, NY 11354. Upon information and belief, JJTX is also owned and controlled by Defendant John Wai.

24.     Upon information and belief, the Defendant Corporations are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 U.S.C. §203(r) insofar as they share employees and the Owner/Operator Defendants JOHN WAI a/k/a Ding Guang Wai, BENJAMIN WAI, JENNY ZHANG and  ZHI BIN WAI, assign employees to different locations based on necessity, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, with common management.

### *Individual Defendants*

25.     **JOHN WAI a/k/a Ding Guang Wai** is a resident of New York. He is an officer, director, manager and/or majority shareholder or owner of Defendants WAI REALTY CORP., JJW ENTERPRISES, INC. and BOWNETREE LL CORP. As one of the ten largest shareholders, he is individually responsible for unpaid wages under the New York Business Corporation Law.  Plaintiff alleges that Defendant John Wai a/k/a Ding Wai, is the principal owner of several buildings in New York where Plaintiff was required to work.

26.     Owner/Operator Defendant JOHN WAI a/k/a Ding Guang Wai acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. §203d and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with WAI REALTY CORP., JJW ENTERPRISES, INC., BOWNETREE LL CORP, BENJAMIN WAI, JENNY ZHANG and ZHI BIN WAI.

27.     Upon personal knowledge of Plaintiff, Defendant JOHN WAI a/k/a Ding Wai, known as "Boss" to Plaintiff, is an owner, manager and operator jointly in charge of all aspects of the corporate defendants' businesses, including the hiring and termination of employees at WAI REALTY CORP., JJW ENTERPRISES, INC. and BOWNETREE CORP., determining their rates of pay, employees' work assignments, schedules and shifts, type of work rendered, designated work load and employment policy.

28.     **BENJAMIN WAI** jointly shared control with John Wai, Jenny Zhang and Zhi Bin Wai concerning the hiring and termination of employees, work assignments, schedules and shifts, type of work rendered, designated work load and employment policy. WAI is an employer under the FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder; 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with the named Corporate and Individual Defendants herein. He acted intentionally and maliciously.

29.     **JENNY ZHANG**, at all relevant times was jointly in charge of the collection of rents from residential tenants at buildings owned and/or managed by her husband John Wai.

30.     Upon personal knowledge of Plaintiff, Defendant JENNY ZHANG, also known as "Boss" to Plaintiff, jointly shared control with Defendant John Wai concerning the hiring and termination of employees, determining their rates of pay, work assignments, schedules and shifts, type of work rendered, designated work load and employment policy.

31.     Defendant JENNY ZHANG is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder; 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with the other named Defendants herein.

32.     Upon information and belief, based on personal observations and other witnesses, Defendant JENNY ZHANG acted intentionally and maliciously in violating the federal and state labor laws, and knowingly participated in policies and activities designed to evade the payment of federal and state taxes.

33.     **ZHI BIN WAI** was at all relevant times a managing director and/or co-owner of Corporate Defendants WAI REALTY CORP., JJW ENTERPRISES, INC. and BOWNETREE LL CORP, and a) had the power to hire and fire employees; b) supervised and controlled employee work schedules and/or conditions of employment; and c) maintained employment records for Corporate Defendant WAI REALTY CORP.

34.     Defendant ZHI BIN WAI is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder; 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with the named Corporate and Individual Defendants herein.

35.     Defendant ZHI BIN WAI acted intentionally and maliciously in violating the federal and state labor laws, and in unlawfully exploiting Plaintiff's labor without compensation. He worked in the office of Defendants' operations, and controlled the employment of Plaintiff.

36.     All the named Defendants, jointly and severally, are employers pursuant to the FLSA. They engage in interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce. Upon information and belief, Defendants' annual gross volume of sales or services is not less than $500,000.00.

37.     Plaintiff was at all relevant times an employee under the FLSA and NYLL.

7

## FACTS

38.     Beginning prior to May 31, 2012 until July 31, 2016, Defendants employed Plaintiff to perform work in Defendants' building maintenance operations.

39.     While working for Defendants, Plaintiff was typically required to start work at 8:30 A.M. each day.

40.     While working for Defendants, Plaintiff was typically required to cease working at 6:30 P.M. each day, but usually until around 8:00 P.M.

41.     Plaintiff was required to work six (6) days per week.

42.     During the time that Plaintiff was employed by Defendants, he was paid **$420.00** per week, or **$70.00** per day (**$7.00** per hour). Plaintiff was paid in cash, and no W-2s or 1099s were issued, despite Plaintiff's demand therefor.

43.     Between May 31, 2012 and July 31, 2016, Defendants knowingly, intentionally and willfully failed to pay Plaintiff at least the hourly Minimum Wage for each hour worked.

44.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully due overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

45.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

46.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

47.     Defendants failed to provide Plaintiff with a Time of Hire Notice in his primary language reflecting the true rates of pay and payday, as well as proper paystubs for each pay day as required by NYLL §195(1).

48.     Defendants knew that the nonpayment of federal and State minimum wages and overtime compensation would financially injure Plaintiff and violate state and federal laws.

49.     Moreover, Defendants did not post the required NY State Department of Labor posters regarding minimum wage rates and overtime pay.

50.     In addition thereto, relying upon Defendants' continual promises of additional compensation which was in fact never paid, Plaintiff was required to perform construction work for the Defendants at various buildings owned and/or controlled and managed by Defendants. Not only was this work dangerous and outside and beyond the maintenance work for which Plaintiff was hired, but Defendants ordered such labor without providing Worker's Compensation Insurance, and without procuring required Building Department permits. Upon information and belief, Defendant JOHN WAI and his corporate entities were fined by the N.Y. Building Department for performing illegal construction.

51.     Normally, wages for construction are higher than for simple maintenance for which Plaintiff was hired. The industry standard for construction is more than $200.00 per day, instead of the $70.00 per day which Defendants actually paid the Plaintiff. Plaintiff alleges that he performed the said construction work in at least ten (10) apartments owned and controlled by, and at the direction of the Defendants. This work was in addition to the maintenance work for which Plaintiff was hired.

52.     Defendant JOHN WAI a/k/a Ding Guang Wai owns and/or controls at least ten (10) buildings where the Plaintiff has worked. Defendants required tenants to pay rent in the form of cash, which was typically collected by Defendant JENNY ZHANG.

53.     Defendants' multi-family buildings where Plaintiff worked are the following:

(1)     41-40 Parsons Boulevard, Flushing, New York. The sales listing claims that the gross annual income was $724,197.00.

9

(2)     143-15 38th Avenue, Flushing, New York.
(3)     37-04 Bowne Street, Flushing, New York.
(4)     143-19 38th Avenue, Flushing, New York.
(5)     143-17 38th Avenue, Flushing, New York.
(6)     143-21 38th Avenue, Flushing, New York.
(7)     143-25 38th Avenue, Flushing, New York.
(8)     37-22 Bowne Street, Flushing, New York.
(9)     37-18 Bowne Street, Flushing, New York.
(10)    37-08 Bowne Street, Flushing, New York.

## STATEMENT OF CLAIMS

### COUNT I.

### [Violation of New York Labor Law  – Minimum Wage]

54.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs.

55.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

56.     From May 31, 2012 to July 31, 2016, Defendants failed to pay the Plaintiff at the applicable minimum hourly wage, in violation of the New York Labor Law §652. [Wages paid were also below the federal minimum wage].

57.     Throughout his employment, Plaintiff was paid **$7.00** per hour. During the period between May 31, 2012 and December 31, 2013, the NY minimum wage was $7.25 per hour; In 2014, the NY minimum wage was $8.00 per hour; in 2015, the NY minimum wage was $8.75 per hour; and in 2016, the NY minimum wage was $9.00 per hour.

58.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages from May 31, 2012 to July 31, 2016, liquidated damages, reasonable attorney's fees, costs, and applicable interest.

## COUNT II.

### [Violations of the Fair Labor Standards Act – Overtime Wage]

59.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

60.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. §207(a).

61.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

62.     At all relevant times, Defendants had a policy and practice of refusing to pay their employees, including Plaintiff, overtime compensation at the statutory rate of not less than one and one-half times the regular rate of pay, or one and one-half times the minimum wage, whichever was greater, for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a).

63.     Defendants' failure to pay Plaintiff his overtime compensation was willful.

64.     The FLSA and supporting regulations require employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

65.     Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

66.     Defendants knew or should have known that failing to compensate Plaintiff the statutory overtime rate for hours worked in excess of forty (40) would financially injure him.

## COUNT III.

### [Violations of New York Labor Law – Overtime Pay]

67.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

68.     Pursuant to NYCRR 142-2.2, an employer "shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

69.     New York Labor Law Article 19 §663 provides that if any employee is paid by an employer less than the wage to which he or she is entitled, "he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the [CPLR], and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent [100%] of the total of such underpayments found to be due."

70.     At all relevant times, Plaintiff worked for more than forty (40) hours per week.

71.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate Plaintiff was due.

72.     Defendants' failure to pay Plaintiff was willful and in bad faith.

73.     By failing to pay Plaintiff's overtime compensation for hours worked in excess of forty (40) in any given week, Defendants violated NYLL 19 §663 and NYCRR 142-2.2.

74.     Defendants knew or should have known that by failing to compensate Plaintiff for the overtime hours worked as provided by statute, would cause financial injury to Plaintiff.

75.     For the foregoing reasons, Defendants are liable to Plaintiff in an amount to be calculated, liquidated damages, attorney's fees, costs and interest pursuant to the cited laws.

## COUNT IV.

### [Violations of New York Labor Law – Record-Keeping Requirements]

76.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

77.     New York Labor Law §195(1)(a) provides that every employer shall:

 "provide his or her employees, in writing in English and in the language identified by
each employee as the primary language of such employee, at the time of hiring, a notice
containing the following information: the rate or rates of pay and basis thereof[;]
allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging
allowances; the regular pay day designated by the employer in accordance with section
one hundred ninety-one of this article; the name of the employer; any "doing business as"
names used by the employer; the physical address of the employer's main office or
principal place of business, and a mailing address if different; the telephone number of
the employer; plus such other information as the commissioner deems material ….."

78.     Defendants failed to furnish Plaintiff the Time of Hiring Notice as mandated by

NYLL §195(1)(a).

79.     Furthermore, New York Labor Law §195(3) requires every employer to "furnish

each employee with a statement with every payment of wages, listing the following: the dates of

work covered by that payment of wages; name of employee; name of employer; address and

phone number of employer; rate or rates of pay and the basis thereof[;] deductions; allowances, if

any, claimed as part of the minimum wage; and net wages." Moreover, for all non-exempt

employees, the statement "shall include the regular hourly rate or rates of pay; the overtime rate

or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

This section also provides that upon request of an employee, an employer shall furnish an

explanation in writing of how such wages were computed." [2]

---

[2] When Plaintiff made such requests of Defendants, Defendant John Wai responded that Plaintiff
was "just an ignorant Chinese laborer who should keep his mouth shut or be without a job."

80.     On April 9, 2011, the Wage Theft Prevention Act took effect, requiring employers to give written notice of wage rates to each new hire, tracking language of  NYLL §195(1)(a).

81.     Defendants failed to provide Plaintiff with the notices as required, in violation of New York's Labor Law. In fact, Defendant JOHN WAI rebuffed Plaintiff's requests which were consistent with NYLL §195(3), for an explanation of how his wages were computed.

82.     Due to the defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $5,000.00, reasonable attorney's fees, together with costs and disbursements, pursuant to NYLL §198(1-b).

83.     Due to the defendants' violation of NYLL §195(3), Plaintiff is entitled to recover from the defendants, jointly and severally, liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to NYLL §198(1-d).

84.     Furthermore, Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

85.     Defendants' failure to maintain accurate written records of actual hours worked and true wages earned by Plaintiff was knowing and willful in order to facilitate the defendants' exploitation of Plaintiff's labor.

86.     As a result of Defendants' unlawful conduct, by failing to provide Plaintiff with the required Time of Hire Notice, accurate paystubs on each pay day, and to maintain accurate payroll records, Plaintiff has sustained damages including loss of earnings, in an amount to be calculated, liquidated damages, costs, disbursements, prejudgment interest, and attorneys' fees.

## COUNT V.

### [Violations of New York Labor Law – Failure to Provide Meal Periods]

87.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

88.     NYLL §162 requires that employers provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day period from 11 A.M. to 2 P.M.; an additional meal period between 5 P.M. and 7 P.M. of at least twenty (20) minutes for employees whose shift starts before 11 A.M. and continues later than 7 P.M.

89.     Plaintiff began work at 8:30 each day, six days a week. Although he was required to work until 6:30 P.M. each day, he was typically required to remain later than 7 P.M.

90.     Defendants failed to provide meal periods as required by NYLL §162 for every day that Plaintiff worked.

91.     Although the Department of Labor Commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit was ever posted.

92.     Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

## COUNT VI.

### [Civil Damages for Fraudulent Filing of IRS Returns. Violations of 26 USC §7434]

93.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs.

94.     Pursuant to 26 U.S.C. §7434, if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

95.     Due to Defendants' violations of 26 U.S.C. §7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing); (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT VII.

### [Civil Damages for Deceptive Acts and Practices. Violations of New York General Business Law §349 ]

96.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs herein.

97.     New York General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

98.     Due to Defendants' violations of NY General Business Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater.

99.     Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporations to recover wages owed as employee of the corporations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment providing the following relief:

a)      A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act and New York Labor Law;

b)      An injunction against Corporate Defendants, their officers, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in any of unlawful practices and policies set forth herein;

c)      An award of unpaid minimum wage and overtime wages due under the FLSA and New York Labor Law to Plaintiff, plus liquidated damages of one hundred percent (100%) under the New York Wage Theft Prevention Act;

d)      Up to five thousand dollars ($5,000) for Defendants' failure to provide a paystub for each pay day as required by NYLL §195(3);

e)      Up to five thousand dollars ($5,000) for Defendants' failure to provide the written notice at time of hire, as required by NYLL §195(1)(a);

f)      An award of prejudgment and post-judgment interest;

g)      An award of costs and expenses of this action together with reasonable attorneys' fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

h)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4);

i)    An Order tolling the statute of limitations; and

j)    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.


Dated: Flushing, New York
     May 31, 2018                       LAW OFFICE OF RICARDO R. MOREL
                                        *Attorney for Plaintiff*

                               */s/  Ricardo R. Morel*              .
                              Ricardo R. Morel, Esq. (RM2693)
                              39-15 Main Street – Suite 318
                              Flushing, NY 11354
                              (424) 362-8960
                              Email: Esquire1998@gmail.com