

RICARDO R. MOREL, ESQ.
Attorney at Law
39-15 Main Street - Suite 318
Flushing, New York 11354
(424) 362-8960
Esquire1998@gmail.com

December 12, 2018

Hon. Steven L. Tiscione
United States Magistrate Judge
United States District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**VIA ECF**

      Re:      *Zhang et al v. Wai Realty Corp. et al*
                    **Case No. 1:18-cv-3189-FB-ST**

Dear Judge Tiscione:

    I represent the Plaintiffs Yong Kai Zheng and Hai Chen Li ("Plaintiffs"), in this action and am respectfully writing jointly with Defendants Wai Realty Corp. and JJW Enterprises, Inc., and the individual defendants, to explain why the Settlement Agreement in this matter should be approved. Defendant Benjamin Wai has been authorized to execute the agreement. Pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199, 200 (2d Cir. 2015), we are filing a copy of our proposed settlement agreement on the public docket and justify why the settlement reflects a fair and reasonable resolution.

    We are hereby reporting to you the specifics of the settlement, and that the Plaintiffs have elected to voluntarily dismiss the case without litigation of the alleged wrongdoing. After considerable conference and negotiations between respective counsel, we have reached an expeditious resolution of the controversy. The voluntary dismissal is with prejudice, and it is the result of a fair quid pro quo between the parties.

    As the Court is aware, this matter was brought under the Fair Labor Standards Act and New York State Labor Law. The parties have agreed to resolve the matter for $60,000 as indicated in the proposed Settlement Agreement ("Agreement"). (*See* Exhibit A.)

1

We are filing the proposed Agreement prior to execution, so that in the event it is not approved in its present form, the clients will not have to go and execute it again. If the Court approves the proposed Agreement, we ask leave to file the executed document then.

By way of background, Plaintiff Yong Kai Zhang ("Zhang") alleges that between May 31, 2012 and July 31, 2016, the Corporate Defendants, under the ownership, management and supervision of the individual defendants, hired Plaintiff to perform maintenance work at Defendants' various rental properties in Queens County, N.Y. Although Defendants deny it, Plaintiff also alleges that he was required to perform work outside and beyond the scope of agreed employment. In executing the Agreement, the parties have agreed that Defendant Benjamin Wai is authorized to do so, binding on the other defendants.

In his Complaint, Plaintiff Zhang alleges that while employed by Defendants, he worked an average of 60 hours weekly for a total of 217 weeks. He alleges that his pay consisted of a fixed weekly salary of $420.00, for six days per week. Plaintiff, however, has no documentation to support his allegations of his hours and pay. Defendants have no documentation either. Defendants deny some of the material allegations in the Complaint. Plaintiff's total demand, including liquidated damages and penalties is $147,125.00, exclusive of legal fees and interest.

In his Complaint, Plaintiff Hai Chen Li ("Li") alleges that he was employed by Defendants from January 10, 2015 to August 30, 2015 (33 weeks) to perform the same work as Plaintiff Zhang. He alleges that he worked an average of 75 hours weekly, six days a week, and was paid a fixed monthly salary of $2,000 ($461.54 per week). Defendants deny some of the material allegations in his Complaint. Defendants further allege that Plaintiff Li was provided with rent-free housing. Defendants allege that cell phone records would disprove Plaintiff's claim of hours at Defendants' location. Plaintiff's total demand is $50,801.10, excluding legal fees and interest.

The parties agreed to settle this matter by adding both demands, and distributing the settlement amount proportionately to both plaintiffs; that is, the total demand for both plaintiffs is $197,926.01; Plaintiff's Zhang's proportionate percentage is 74.33% and Plaintiff Li's share is 25.67% (their percentage of their respective demands of the aggregate of both).

Under the proposed agreement, Plaintiff Zhang would receive $29,133.64; Plaintiff Li would receive $10,061.36. This conforms to their relative percentages of the net after fees and costs (which net is $39,195.00). 1/3 would be disbursed as attorney's fees, in addition to $805.00 for filing fees and costs.

Under the proposed agreement, Plaintiffs will not have to bear the risk of protracted litigation and collection activity in the future. Given the vagaries of trial, the evidentiary challenges on both sides, the Defendants also mitigate their exposure while Plaintiffs receive reasonable compensation which they find acceptable. Plaintiffs understand that they could have recovered more at trial, but considering the absence of proof, the circumstances of trial and collectability issues, Plaintiffs voluntarily chose to settle.

We respectfully do so with an understanding of, and in a good faith attempt to comply with, the requirements and rationale set forth in *Cheeks*. The settlement agreement is the product of arm's length bargaining between experienced counsel, taking into consideration issues on both sides, and we consider the agreement fair and reasonable.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve *bona fide* disputes." *Johnson v. Brennan,* 10-cv-4712, 2011 WL 4357376 at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (Internal citations omitted).

With regard to attorney's fees, pursuant to an agreement between Plaintiffs and their counsel, this office will retain 1/3 (one-third) of the settlement amount, in the amount of $20,000.00; and in addition, attorney will be reimbursed $400.00 filing fees, $125 service of process, and $280 for Interpreter services during the representation, for a total of $805.00. The total amount to Plaintiff's counsel is therefore $20,805.00.

The Court should find that Plaintiff's counsel's contingent fee arrangement with the Plaintiffs is fair and reasonable. Public policy favors a common fund attorney's fee award in wage and hour cases. *Frank v. Eastman Kodak Co.,* 228 FRD 174, 189 (W.D.N.Y. 2005). Fee awards in wage and hour cases provide incentive to private attorneys to prosecute the claims of those victims of such unfair practices whose wage claims might otherwise be too small to justify. *Sand v. Greenberg,* 2010 U.S. Dist. LEXIS 1120 *9 (S.D.N.Y. Jan. 7, 2010). If such fee awards were not granted, wage and hour abuses "would go without a remedy because attorneys would be unwilling to take on the risk." *Mcmahon v. Olivier Cheng Catering & Events, LLC*, 2010 U.S. Dist. LEXIS 18913 *19-20 (S.D.N.Y. Mar. 2, 2010). Attorney's fees in FLSA settlements are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Lliguichuzhca v. Cinema 60 LLC,* 948 F. supp. 2d 362, 366, 2013 U.S. Dist. LEXIS 79543 (S.D.N.Y. Jul. 5, 2012)). The percentage method promotes early resolution, and it "relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (internal citations omitted).

Here, the contingent fee arrangement with Plaintiff clearly aligns Plaintiff's and Plaintiff's counsel's interest in the outcome of the litigation. This law office therefore requests that the Court approve the attorney fees as reasonable.

**Fairness of the FLSA Settlement**

In *Wolinsky v. Scholastic Inc.*, 900 F.Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, U.S.D.J., identified five factors relevant to an assessment of the fairness of an FLSA settlement. He said, "A court should consider the totality of circumstances, including:"

(1) <u>Plaintiff's range of possible recovery</u>. Exclusive of liquidated damages and penalties, Plaintiff Zhang's possible recovery, if the hours are as he claims, is approximately **$68,355**; and Plaintiff Li's range of recovery is approximately **$19,993.00**. (Calculation for both Plaintiffs are attached as Exhibit B). This recovery is contested per Defendants' claims for offsets, discovery and admissions.

(2) <u>Extent to which the settlement enables parties to avoid anticipated burdens and expense in establishing their claims and defenses</u>. As stated above, the settlement is motivated in large part by the parties' mutual desire to obviate anticipated burdens and expenses of continuing litigation under the circumstances.

(3) <u>Seriousness of litigation risks faced by the parties</u>. In light of the fact that the defendants are amenable to pay Plaintiffs $60,000, to be distributed proportionately between them, Plaintiffs, after having carefully evaluated the risks, after consultation with counsel, concluded that the settlement contained in the Agreement is fair and reasonable. Plaintiffs understand that they could pursue more at trial, but considering the evidence on both sides, the vagaries of trial and collectability issues, Plaintiffs have chosen to settle.

(4) <u>Whether the settlement agreement is the product of arm's length bargaining between experienced counsel</u>. The foregoing articulates that this is the case. The parties have conferred with counsel; and counsel have engaged in extensive discussions and negotiations.

(5) <u>The possibility of fraud or collusion</u>. Past and present proceedings and representations by counsel show that there is no fraud involved. The vigorous litigation manifested on both sides shows an absence of collusion.

Respectfully submitted,

 /s/  *Ricardo R. Morel*            .
Ricardo R. Morel, Esq.
*Attorney for Plaintiffs*

cc:   Richard Apat, Esq.
      Attorney for Defendants

4