**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- X
YONG KAI ZHENG and HAI CHEN LI,

                              Plaintiffs,      **Case No**. 18-cv-3189-FB-ST

      v.                                    **SETTLEMENT AGREEMENT**

WAI REALTY CORP., JJW ENTERPRISES, INC.         **AND RELEASE**
BOWNETREE LL CORP., JOHN WAI a/k/a
Ding Guang Wai, BENJAMIN WAI, JENNY ZHANG,
and ZHI BIN WAI,

                              Defendants.
------------------------------------------------------------------- X

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into by and between, on the one hand, Yong Kai Zheng and Hai Chen Li ("Plaintiffs") and on the other, Wai Realty Corp., JJW Enterprises, Inc., John Wai a/k/a Ding Guang Wai, Benjamin Wai, Jenny Zhang, and Zhi Bin Wai (collectively, "Defendants") (all parties collectively, "Settling Parties") as of November 12, 2018.

## RECITALS

**A.**    **WHEREAS**, on May 31, 2018, Plaintiff Yong Kai Zheng filed an action ("the Action") and filed an Amended Complaint on October 2, 2018 adding the Plaintiff Hai Chen Li against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law (("NYLL") claiming, *inter alia*, that Defendants failed to pay Plaintiffs the minimum wage and overtime premium pay, and that Defendants violated New York's Record-Keeping Requirements throughout Plaintiffs' employment;

**B.**    **WHEREAS,** on September 27, 2018, Defendants filed an Answer to the Complaint, denying Plaintiff's allegations and asserting affirmative defenses, including set-offs for wages paid when Plaintiff was not working, and for lodging provided;

**C.**    **WHEREAS,** counsel for Plaintiffs and Defendants conferred, met and engaged in substantial arms-length negotiations with regard to the claims and defenses**.** They exchanged documents in discovery to assist in settlement discussions; they had extended discussions concerning their respective claims and defenses;

1

**D.**     **WHEREAS,** as a result of honest and practical discussions between the parties, through their respective attorneys, they agreed to settle the matter in a way that fairly addresses the issues of protracted litigation, the disputed issues of fact, the evidentiary challenges on both sides; the vagaries of trial; and the defendants' liability exposure;

**E.**     **WHEREAS,** Plaintiff Zhang alleges having worked 60 hours weekly between 05/31/12 and 07/31/16 for a total of 217 weeks, and demands **$147,125.00** excluding legal fees and interest (Calculations annexed hereto); and Plaintiff Li alleges having worked 75 hours weekly between 01/10/15 and 08/30/15 for a total of 33 weeks, and demands **$50,801.10** excluding legal fees and interest (Calculations annexed hereto);

**F.**     **WHEREAS,** the total claim is **$197,926.01** ($147,125.00 + $50,801.10), Plaintiff Zhang's proportionate percentage is **74.33**%; Plaintiff Li's share is **25.67%**;

**G.**     **WHEREAS,** the Defendants deny significant portions of Plaintiffs' claims;

**H.**     **WHEREAS**, the Plaintiffs and Defendants have agreed to settle the matter to obviate the need for any further litigation; and the parties having informed the Court with regard thereto, the Court by its Order dated November 12, 2018 directed that the motion for judicial approval shall be filed by December 12, 2018:

**I.**     **NOW, THEREFORE**, in consideration of the mutual covenants, warranties and promises set forth below, the Settling Parties agree as follows:

### AGREEMENT

**1.**     **Dismissal of Pending Litigation.**

Subject to the Court's approval of this Agreement, the Settling Parties mutually agree to dismiss or effect the dismissal of all claims with prejudice against each other pending or which could have been brought in any jurisdiction, arising prior to the filing of the complaint in the matter of *Zhang et al v. Wai Realty Corp. et al* in EDNY Civil Action No. 18-CV-03189-FB-ST, as well as all claims related to the employment relationship and/or arising out of the employment in the above-referenced claims.

**2.**     **Release.**

(a) In consideration of the mutual promises and mutual benefits accruing to the parties

under this Agreement, and the payments and actions of the parties set out in this Agreement and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties, fully and forever waive, release, satisfy, relieve, relinquish, and discharge each other, on each other's behalf and on behalf of anyone who could claim by and through the respective parties – their insurers, predecessors and successors in interest, assignees, parents, subsidiaries divisions and related companies and entities, and their past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives – from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, claims and demands concerning wage and hour matters forming the gravamen in this action, including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsels for each party.

(b) The Settling Parties mutually hereby irrevocably and forever waive all rights they may have against each other arising under the law with respect to the pending litigation, together with all other claims related thereto which could have been brought, to the extent that they are permitted and not prohibited by law.

3. **Consideration.**

The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is acknowledged. The parties mutually agree that they will not seek any further consideration from each other, including monetary payment, beyond that set forth in Paragraph 4 of this Settlement Agreement.

4. **Settlement Compensation and Payment Schedule.**

(a)   In full and final satisfaction of all claims between the Parties, as to each against the other related to this Action, Defendants hereby agree to cause to be paid to Plaintiffs the sum of Sixty Thousand Dollars ($60,000.00), inclusive of all costs, expenses, legal fees and every other item of monetary value (the "Settlement Sum"), delivered to Plaintiffs' counsel "Ricardo R. Morel As Attorney," which shall be allocated and disbursed as follows:

(1)   **$29,133.64** to Yong Kai Zheng (74.33% of net $39,195 after fees & costs)
(2)   **$10,061.36** to Hai Chen Li (25.67% of net $39,195 after fees & costs)
(3)   **$20,805.00** to "Ricardo R. Morel" consisting of $20,000.00 for attorneys' fees and $805.00 for $400 filing fees, $125 service of process, and $280 Interpreter services.

(b)  The payments shall be delivered to Ricardo R. Morel, Esq. located at 39-15 Main Street, Suite 318, Flushing, New York 11354 in accordance with the following schedule:

(1)  Within one hundred twenty (120) days of the Court's approval and full execution of this Agreement, whichever is later, the payment in the amount of $60,000.00 (Sixty Thousand Dollars) shall be delivered to the law office of Ricardo R. Morel, Esq., located at 39-15 Main Street, Suite 318, Flushing, New York 11354, for disbursement according to the foregoing. Payment shall be made to Ricardo R. Morel, As Attorney, for proper disbursement as set forth above, from Attorney's Escrow Account (IOLA) maintained at Citibank.

**5.     No Modification Unless in Writing.** No modification of this Agreement shall be valid unless in writing and agreed upon by both Parties or their Counsel.

**6.     Full Integration.**   This Settlement Agreement supersedes any prior agreements, understandings, or negotiations, whether oral or written, except to extent that it is inconsistent with the agreements, understandings or negotiations had and concluded as set forth herein.

**7.     Jurisdiction and Venue.**   This Settlement Agreement and the interpretation of its terms shall be governed by and construed in accordance with the laws of the State of New York. For purposes of enforcing this Agreement, the Parties irrevocably submit to the exclusive jurisdiction of the United States District Court for the Eastern District of New York.

**8.     Signatures and Approval.**   This Agreement will come into effect only after it is executed by Plaintiffs Yong Kai Zheng and Hai Chen Li, and by the Defendants by or through their authorized representatives, and approved by the Court.

**9.     Default and Enforcement.**   The parties agree that upon default of the terms of this Agreement, the defaulting party shall pay to the other party the costs and legal fees incurred in enforcing the terms of this Agreement, and to that end, the parties reserve the right to seek judicial intervention.

**10.    Independent Legal Counsel.**   Each party acknowledges that they have received independent legal advice from their attorneys with respect to the advisability of entering into this Agreement. Each party has made such investigation of the facts pertaining to this Agreement.

**11.** **Counterparts.**  This Agreement may be executed in any number of counterparts and any Party hereto and/or their respective counsel may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute one and the same instrument. Fax and/or PDF signatures shall be deemed valid for purposes of this Agreement.

**12.** **Timing of Submissions.**

Where the Court orders different deadlines from those previously agreed between the parties, the Court's directions shall supersede and be binding on the parties.

**13.** **Disparagement and Disclosure**.

This agreement shall be held in strict confidence and the existence of its terms shall not be disclosed, to the extent permitted and not prohibited by law or the policies and requirements of the Court. To the extent permitted and not prohibited by law, the Plaintiffs shall not advertise or publicize this Agreement. The foregoing applies to the Plaintiffs, their attorneys, and to anyone acting on their behalf. The parties further agree that they or their respective counsel, or anyone acting on their behalf, will not, directly or indirectly, in public or in private, deprecate, impugn, disparage, or make any remarks that would or could be construed to defame the other party. Should Defendants or their agents, successors or assigns be contacted regarding an employment reference for Plaintiffs, Defendants shall provide a neutral reference, confirming dates of employment, last wage rate, and job title, and shall not disclose the existence of this Action. If Defendants are specifically asked about this Action as part of a request for employment reference, Defendants shall say solely that the matter has been resolved.

**14.** **Non-Waiver**.

In the event that any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of the provisions of this Agreement.

5

**15.     Representations and Warranties.**

(a)     Each of the undersigned warrants that they are legally competent and duly authorized by the respective parties to execute this Settlement Agreement on behalf of such party

(b)     Each party hereby warrants, represents, covenants and acknowledges that it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each party acknowledges that it has voluntarily, and upon the advice and approval of its legal counsel in this matter, read and understood this Settlement Agreement and all of its terms and conditions and agrees to each and every term and condition herein.

(c)     Defendants and Plaintiffs know of no reason why their respective signatures would be ineffective in any way to bind them under this Agreement.

(d)     After sufficient consultation with competent legal counsel, Plaintiffs – each and both – acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that Plaintiffs have made this decision after careful thought, and after an opportunity to consult with their attorneys. Plaintiffs further confirm that this Settlement Agreement and Release has been competently translated to them in Mandarin, and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily and with full knowledge and understanding thereof.

**16.     Notices.**  For the purposes of this Agreement, the parties hereby agree that any notices, communications and payments shall be directed as follows:

| **To Plaintiff:** | **To Defendants:** |
|---|---|
| RICARDO MOREL, ESQ. | ROSADO, APAT & DUDLEY, LLP |
| By: Ricardo R. Morel, Esq. | By: Richard H. Apat, Esq. |
| 39-15 Main Street – Suite 318 | 100 Duffy Avenue – Suite 310 |
| Flushing, NY 11354 | Hicksville, NY 11801 |
| (424) 362-8960 | (516) 331-5600 |
| Esquire1998@gmail.com | Rapat@radlawny.com |

**IN WITNESS THEREOF**, the Settling Parties hereto evidence their agreement by their signatures below.

**Defendants:**

Dated: November 12, 2018           AUTHORIZED BY ALL DEFENDANTS:

_____
BENJAMIN WAI

**STATE OF NEW YORK COUNTY OF QUEENS } ss:**

On the _____ day of December, in the year 2018, before me, the undersigned, personally appeared **BENJAMIN WAI**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, to wit, Settlement Agreement in EDNY case number 18-cv-3189, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

**Plaintiffs:**

Dated: November 12, 2018           _____
                                  YONG KAI ZHENG

**STATE OF NEW YORK COUNTY OF QUEENS } ss:**

On the _____ day of December, in the year 2018, before me, the undersigned, personally appeared **YONG KAI ZHENG**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, to wit, Settlement Agreement in EDNY case number 18-cv-3189, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

Dated: November 12, 2018  _____
                                                  HAI CHEN LI

**STATE OF NEW YORK COUNTY OF QUEENS } ss:**

On the _____ day of November, in the year 2018, before me, the undersigned, personally appeared **HAI CHEN LI**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, to wit, Settlement Agreement in EDNY case number 18-cv-3189, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

### ATTORNEYS FOR SETTLING PARTIES

| /s/ *Ricardo R. Morel* . | /s/ *Richard H. Apat* . |
|---|---|
| Ricardo R. Morel, Esq. | Richard H. Apat, Esq. |
| Law Office of Ricardo Morel | Rosado, Apat & Dudley, LLP |
| *Attorney for Plaintiffs* | *Attorneys for Defendants* |
| 39-15 Main Street – Suite 318 | 100 Duffy Avenue – Suite 310 |
| Flushing, New York 11354 | Hicksville, New York 11801 |
| (424) 362-8960 | (516) 331-5600 |
| Esquire1998@gmail.com | Rapat@radlawny.com |

_____         _____
Richard H. Apat, Esq.                                          Ricardo R. Morel, Esq.

**** END OF DOCUMENT ****